## John B. Bodwell v. M. Heaton & Co.

1. ATTACHMENT — *Mortgagee May Interplead.* Where real estate is attached, the holder of a mortgage thereon may interplead in the action under sec. 45a, ch. 80, Comp. Laws 1879.

2. ——— *Mutual Mistake; Reformation of Mortgage.* Where a defendant is served by publication only and makes default, such interpleader may ask in his interplea that a mortgage which purports to be a lien upon a different piece of land, may be reformed on the ground of mutual mistake of the defendant and himself in the description, so that it may be a lien upon the property attached, as was intended by both parties to the mortgage.

3. ——— *Evidence.* In such an action it is not indispensable that the testimony of the defendant be offered at the trial; it may be shown by other evidence that he seemed to believe, and acted as if, the description given in the mortgage was that of the land attached.

4. EQUITY — *Reformation of Mortgage — Degree of Proof.* Before a mortgage can be reformed on parol testimony alone, the court must be satisfied beyond a reasonable doubt of a mutual mistake of both parties to the mortgage, and that they both intended to and believed they had correctly described, in the mortgage, the land in controversy.

5. ——— *Reformation — Sufficient Evidence.* The evidence in this action is sufficient to compel a reformation of the mortgage.

### Error from Norton District Court.

ACTION by Heaton and three others, partners as *M. Heaton & Co.*, against F. M. Jolly, to recover upon two promissory notes and an account. On behalf of plaintiffs, an order of attachment was issued and levied upon certain land. *J. B. Bodwell* filed an interplea in the action, alleging that he had a certain interest in the land attached. Judgment for the plaintiffs, on April 15, 1886. The interpleader *Bodwell* brings the case here. The opinion contains a sufficient statement of the facts.

*C. D. Jones,* for plaintiff in error.

*L. H. Thompson,* and *Rossington, Smith & Dallas,* for defendants in error.

Opinion by HOLT, C.: The defendants in error, as plaintiffs, brought their action upon two promissory notes and an open account, in the Norton district court against F. M. Jolly as defendant, filed an affidavit and bond, and caused an order of attachment to issue, and real estate of the defendant to be attached. Service was made by publication, and the defendant is in default. J. B. Bodwell, plaintiff in error, filed an interplea, alleging that the defendant Jolly had agreed with, and intended to have executed to him a mortgage upon the land attached, to secure a note of $2,000, but in executing said mortgage there had been a mistake in the description of the land. He avers that the correct description of the land sought to be mortgaged was the northwest quarter of the southeast quarter of the southeast quarter, and an undivided one-half of the northeast quarter of the southeast quarter of the southeast quarter, section eight, township two, range twenty-one, Norton county, Kansas, containing fifteen acres. In the mortgage it was described as the northwest quarter of the southwest quarter, section eight, township two south, of range twenty-one west, containing fifteen acres. He avers that this error in the description thereof was by the mutual mistake of himself and defendant.

This interplea was filed under the provisions of § 45*a*, chapter 80, Compiled Laws of 1879, which is as follows:

"Any person claiming property, money, effects or credits attached, may interplead in the cause, verifying the same by affidavit, made by himself, agent, or attorney, and issues may be made upon such interpleader, and shall be tried as like issues between plaintiff and defendant, and without any unnecessary delay."

The defendants in error say that the question of the reformation of the mortgage is not properly before the court, because the interplea was not verified by affidavit; this question was not raised at the trial in the district court. On the contrary, it was apparently waived, as the plaintiffs made a motion to make the interplea more definite and certain, and afterward answered to its merits without further objection;

therefore we shall not consider it here. The defendants say further, that this section was not intended to include actions of this nature; that the mortgagee of real property is not the owner of the land mortgaged and has no title to it, and therefore cannot interplead when the land is attached. The language of the statute is very broad and comprehensive. It provides that "any person claiming property, money, effects or credits" may interplead. The term "property" as defined by subdivision 10, § 1, chapter 104, Compiled Laws of 1879, includes both personal and real property, and real property includes lands, tenements, hereditaments, or rights thereto or interest therein, equitable as well as legal. A mortgage upon such property is a lien upon it, and although the mortgagee has no rights of possession or title to the land, he certainly has an interest in it, and under the statutory definition a mortgagee has property in the land mortgaged, so that

1. Attachment —mortgagee may interplead.

he may interplead in any cause in which it is sought to be taken. In Missouri it is held that the title to real estate cannot be litigated nor any interest therein appropriated in a proceeding like this, although the statute of that state is similar to the one we are now reviewing; but the principal reason given for that decision was that the word "property" used in the statute had reference to personal property only, and could not be construed to include real-estate property. In support of this decision the court cites the provisions of its statute concerning orders of attachment and executions issued by a justice of the peace, which were exactly like the statute authorizing interpleas. The definition given to the word "property" by our statute, referred to above, would prevent the rule in Missouri from obtaining here. In addition, the language of § 45a is not the same as that of § 30, chapter 81, Compiled Laws of 1879, which provides that under an order of attachment issued by a justice of the peace the officer may attach "goods, chattels, stocks or interest in stocks, rights, credits, moneys and effects of the defendant," but the word "property" is wanting in the list of what may be taken in attachment. Of course all

that can be levied upon is property, but only personal property is enumerated. Therefore the reasons given by the supreme court of Missouri for the limited and circumscribed meaning of the word "property" would be wanting in this state. We believe there is no limitation on the statutory definition of the word "property" as used in the section referred to, and that it includes personal property and real estate as well, and any interest therein, including a mortgagee's lien.

There is a further objection, that there is no sufficient notice given to defendant of the pendency of this interplea to enable the court to order the reformation of a mortgage given by him to the interpleader. The construction given our statutes concerning service is to the effect that when a party ·is brought into court, either by service of ·summons or notice ·by publication, he is there for all purposes of litigating the 2. Mutual mistake; reformation of mortgage. causes of action contained in the petition, and we think also all matters that could be properly brought in by an interplea. Moreover, it can be said that this objection was made, not by Jolly himself, but by the plaintiffs to this action, who are interested, not to save the property for him, but for the purpose of subjecting it to their claims against him. We believe that the action was properly brought, and that notice of the pendency of plaintiffs' claims was sufficient to authorize the court to determine any rights that the interpleader may have had as against plaintiffs.

The plaintiff in error contends strenuously that the evidence introduced was sufficient to compel the court to order the mortgage given to be corrected so as to cover the land in controversy in this action. We understand the rule to be in actions to reform written instruments on the ground of mutual mistake, that the evidence must be clear and convincing when, 4. Equity—reformation of mortgage—degree of proof. as in this case, it is parol. It is not enough that it shows a probability of mistake, but there must be a moral certainty of it; in other words, it must be established beyond a reasonable doubt. Of course this rule applies when the correction is sought to be made on the

strength of parol testimony alone. With this rule of law as a guide, we have examined the evidence offered in this action. John B. Bodwell, the interpleader, is the only witness; the defendants in error suggest that it was his duty to procure the evidence of defendant Jolly by deposition or otherwise. A good reason for his absence can be found in the affidavit of plaintiffs for an attachment, where it is stated under oath that "F. M. Jolly has absconded with intent to defraud his creditors, and so conceals himself that a summons cannot be served upon him." If his testimony could have been produced corroborating Bodwell, the proof would have been seemingly irrefragable. His evidence was not, however, indispensable; it was sufficient to establish that he gave Bodwell the description written in the deed, and seemed to believe it was correct. We are compelled, therefore, to determine this action upon the testimony of Bodwell alone. It would be profitless to discuss it specifically, or at length; it is enough to say that it is direct, straightforward and positive, purporting to give a detailed history of the transactions concerning the execution of the mortgage. The complaint that certain portions of the cross-examination were contradictory of other parts of his testimony is without much force when it is read connectedly with all his testimony. The cross-examination does not tend to impeach, nor even in any way materially lessen its force. From the testimony, we are led to the conclusion that the description written in the mortgage was not the one Bodwell or Jolly thought it to be at that time. It was not necessary to prove to a moral certainty that the property described in the mortgage was not Jolly's, and that he did not own other land in Norton county than the tract attached. It was proven satisfactorily to us that the mortgage was believed to have been given upon the land where Jolly had previously lived before he moved into the town of Almena, and which is the land attached in this action. The defendants in error are not innocent purchasers of this land, nor for that matter are they purchasers at all; they are simply judgment creditors of

3. Evidence.

5. Reformation—sufficient evidence.

Jolly — attempting to secure a debt which was incurred before this mistake was made, to be sure, but not attempted to be collected until after the execution of the mortgage. They do not stand in any better attitude toward Bodwell than Jolly would himself, and cannot interpose any defense he could not.

We believe the court erred in refusing to reform the mortgage and make it accord with the evident intention and belief both of the defendant and interpleader; therefore we recommend that the judgment be reversed.

By the Court: It is so ordered.

All the Justices concurring.