## LUTHER C. CHALLISS v. THE CITY OF ATCHISON.

1. PRIVITY—*Definition.* The term privity denotes mutual or successive relationship to the same rights of property.

2. JUDGMENT, *Unreversed; Binding Force—Parties and Privies.* A judgment rendered upon personal service, not reversed or vacated, affecting real estate or some interest therein, in favor of a plaintiff and against a defendant, is binding and conclusive between the same parties, and the privies of such parties.

*Error from Atchison District Court.*

THIS was an action in the court below brought by *Luther C. Challiss* against the *City of Atchison*, its mayor and councilmen, to enjoin them from exercising any corporate jurisdiction or authority over the north half of the northwest quarter of section 7, township 6, range 21, in Atchison county. After the defendant had filed its answer, the case was tried before the court without a jury. The court made and filed the following findings of fact:

"1. The plaintiff for more than ten years last past has been and still is in part the owner of the north half of the northwest quarter of section 7, township number 6, of range number 21, in the county of Atchison and state of Kansas, so owning exceeding the one-half interest thereof, and to such extent interested in said described tract of land.

"2. For more than ten years last past the city of Atchison has been a city of the first class, located in Atchison county, state of Kansas, and for many years before had been a city of the second class, and had been incorporated as a city by legislative act on February 12, 1858.

"3. Said described 80-acre tract of land adjoins said city of Atchison, as so originally incorporated, on the south thereof; and on February 20, 1860, George T. Challiss, then the owner thereof, platted the said tract of land as Spring Garden addition to the city of Atchison, and duly acknowledged, and on said day caused such plat to be certified, and filed such plat for record in the office of the register of deeds of Atchison county. Said tract of land is one-half mile long east and west, by one-quarter of a mile wide north and south, and

was laid off as platted into 24 blocks of 28 lots each, with an alley through each block, and streets dividing such blocks.

"4. On July 16, 1867, upon a written petition theretofore, on June 16, 1867, filed in the office of the county clerk of said Atchison county with the board of county commissioners of said county, signed by said George T. Challiss, W. L. Challiss, Luther C. Challiss, and James K. Dickson, and verified by their written affidavit thereto attached, representing that they were the owners of a majority of the lots and subdivisions of the said Spring Garden addition, and concerning which they desired action to be taken to have the same declared vacated as such addition, and on said day, by order made therefor, the said board of county commissioners caused due notice of the filing of such petition to be advertised in the *Free Press,* a daily and weekly newspaper then published in the city of Atchison in said county, and by public notice posted on the said described tract of land for more than three weeks next following said 16th day of June, 1867, that said application had been made, and that on July 16, 1867, at 9 o'clock forenoon, the said board of county commissioners would take testimony regarding the occupancy of said described land ; and on said day at said time, such notice having been published and posted, and due proof thereof made, said board of county commissioners proceeded to hear the said petitioners and take testimony upon their said petition ; and thereon it being duly made to appear to the said board of county commissioners that no inhabitants owning any of the soil of said tract and dwelling upon any definite pieces or parcels of the land thereof of the quantity of five or more acres in a body, protested against such petition, and no protest being made in such respect, the board of county commissioners found the said petition duly sustained upon the hearing, and thereon said board of county commissioners made its certificate, declaring the provisions of §1 of chapter 128 of the Laws of 1864 duly applied to said entire 80-acre tract of land, and thereon did declare the entire portion thereof as constituting the entire said Spring Garden addition as thus expunged, and upon the said lithographic map of said tract so of record in the office of the register of deeds, and upon such hearing presented to said board of county commissioners for investigation, did denote and mark the said entire Spring Garden addition as to which the said order of the said board made the application of said §1 of said act to apply, and as thereby obliterating the survey of said entire Spring Garden

addition; and said board of commissioners on said day made its certain order upon the records of the board of county commissioners' proceedings of said county declaring the provisions of said § 1 of said act to apply to said entire Spring Garden addition tract of land, and thereon that the survey thereof as such town-site had been expunged and obliterated, upon the written petition of said named petitioners duly verified by affidavit, and upon due order therefor of said county board, duly advertised and published in said county and by public notice posted on said land, and upon the hearing thereon had pursuant to such order and notice; and thereon said board of county commissioners did, on said day, forthwith file a duly-authenticated certificate of such action and proceedings had, and description and descriptive map of said Spring Garden addition so declared vacated, in the office of the register of deeds of said county, upon the original record of the said plat and filing thereof of such Spring Garden addition; and did cause to be written across the face of such recorded plat and duly signed by the chairman of said board and county clerk of said county, as follows: 'Expunged by order of the board of county commissioners, this 16th day of July, 1867. Geo. Storch, chairman; C. W. Rust, county clerk.' And which said record and proceedings and certificate and descriptive map have since remained in full force and of record and on file as so then made.

"5. At the time said proceedings were had before said county board, the only occupants of said Spring Garden addition tract were said petitioners, George T. Challiss, J. K. Dickson, and a colored man by the name of Mills, and such tract had not been previously occupied to any greater extent; and said George T. Challiss occupying one block thereof, and said Dickson occupying two or three lots, and said Mills one lot; and said persons, with said other petitioners, owning said entire tract, and same not being otherwise improved, nor any public improvements made thereon.

"6. After July, 1867, the owners and occupants of said tract of land denied their liability for city taxes, but the mayor and council of said city continued to cause said tract of land to be taxed in lots and blocks, and as liable to city taxes up to and including 1867; while the owners thereof claimed that their said property was in Shannon township and not in the city of Atchison, and existed as acre property and not as lots and blocks; and in about 1874, said George T. Challiss, one of the owners of interest in said tract, com-

menced an action as plaintiff in this court against M. Quigg, county treasurer of Atchison county, Kansas, Chas. Krebs, as county clerk of said Atchison county, and the mayor and council of the city of Atchison, state of Kansas, as defendants, to enjoin and set aside all taxes theretofore, since 1867, levied upon said property as lots and blocks, or in said city of Atchison, and to enjoin the further levying of taxes by lots and blocks, or as in said city, and upon issue thereon duly joined this court did find the issue for the plaintiff as in his petition alleged, and thereon did adjudge and decree that the several defendants and their successors in office should be, and therefrom were, enjoined and barred from setting up or exercising any right to so tax said property so as theretofore done, and thereon giving judgment in favor of said plaintiff and against said defendants for all costs of said action; and which said judgment was so rendered and entered on December 31, 1875, and thereafter the said city officials of said city for 1875 and 1876 caused said property to be assessed and taxed by lot and block subdivisions, and as in said city, and thereon said George T. Challiss, as such owner, about 1876, commenced another action as plaintiff against M. Quigg, county treasurer of the county of Atchison, and the mayor and council of the city of Atchison, state of Kansas, defendants, to enjoin the sale of the property of said tract for such taxes, on the ground that same was not subject to taxation by lot and block subdivision, but as acres only, and not in said city of Atchison, but in Shannon township only, and to enjoin the further assessing of such property by lot and block subdivisions, or as in said city, and thereon, upon issue duly joined, the said action came on for trial on July 25, 1877, and thereupon the court did consider and adjudge as follows: 'Upon due consideration does find alone upon the ground that said property was so assessed and taxed as lots and blocks, and thereon that such taxation for each year 1875 and 1876 was unauthorized, illegal, and void for that reason.' And thereon did consider and adjudge that said M. Quigg, as county treasurer, and his successors in office, should be enjoined and restrained from taking any steps for the collection of such taxes, and did give judgment in favor of the plaintiff and against said defendants for costs of suit; and did so render such judgment without deciding upon the question made as to whether said property was or was not within said city of Atchison; and thereupon the mayor and council of said city of Atchison did not exercise any control or juris-

diction over said territory and the same in any way, and therefrom until 1889 said territory and the inhabitants thereof were taxed in Shannon township of said county and voted therein, and were not taxed, and did not vote as in said city of Atchison; and in making conveyances of property in said territory same was described as having been formerly platted and described as in certain lots or blocks of Spring Garden addition, and in the conveyances of one tract, where abutting on street as originally designated on said plat, the description thereof was extended to the center of such original street; and no improvements were made or attempted to be made in said territory by authority of said city, and during all such time the property of such territory was assessed and extended on the tax roll by description 'as acres and parts of acres in certain localities formerly platted as a part of Spring Garden addition.'

"7. In 1867, the said city of Atchison, as then existing, had a population of 5,000 or 6,000 people, and increased so that in September, 1888, said city, not counting Spring Garden addition, had a population of 17,000 to 20,000 people; and additional occupants had been added to said Spring Garden addition tract during the last preceding two or three years, so that the number had increased to from 100 to 200 people, mostly residing near together in the northeast corner thereof.

"8. On February 28, 1888, the mayor and council of the city of Atchison passed an ordinance, the second section of which provided as follows: 'Sec. 2. Spring Garden addition, the north half of the northwest quarter of section number 7, township number 6, of range number 21, in the county of Atchison and state of Kansas,' and with a large number of other descriptions, and therein ordaining that the same and each thereof should be added to the city of Atchison, and the limits of said city extended and enlarged so as to include the same; and public notice that the same would be presented to the district court of Atchison county, Kansas, at the next term of said court was duly given, and a copy of such ordinance, with due proof of such notice being given, was filed in said court on March 30, 1888, and the same remained pending until September 10, 1888, when said court entered its order in the proceedings of said court, 'In the matter of the extension of the corporate limits of the city of Atchison.' . . It was ordered that the said ordinance be modified, and the limits extended and enlarged as designated in said order following, by bringing into said city certain tracts and parcels

and pieces of ground adjoining thereto, named and described as follows, to wit, [and then describing as follows as affecting the property in question]: 'Spring Garden addition, the north half of the northwest quarter of section 7, township number 6, of range number 21, in the county of Atchison and state of Kansas.' The plaintiff took no part in such proceedings, and had no notice thereof, other than by the passage of such ordinance and the publication thereof, and the published notice that the same would be presented to the district court as hereinbefore stated; and said Spring Garden addition tract was not at said time, or ever, circumscribed by platted territory, or as taken into said city.

"9. On and after September 10, 1888, the mayor and council of said city assumed to exercise jurisdiction over said Spring Garden addition tract as a part of said city, and caused the building of a string of sidewalk, and the grading of a street, and the erection and support of two public electric lights, and exercised police jurisdiction over such territory, and caused the same to be assessed by the city assessor of said city for taxation for 1889, and return for such assessment was made to the county clerk of said county; and the property of said territory for said year 1889 has been placed on the tax-roll of said county as within the city of Atchison, and city taxes, together with state and county taxes, extended against such property as in said city; and since September 10, 1888, the defendants have in every respect exercised jurisdiction and treated said territory like other territory of the city of Atchison, subject to the control and government of the mayor and council thereof."

Thereon the court made and filed the following conclusions of law:

"1. The platting and filing for record of the said Spring Garden addition plat made the same a part of the city of Atchison at the expiration of twelve months therefrom.

"2. The said city of Atchison being an actually existing city at the time such proceedings were had before said county board, their proceedings for the vacation of said Spring Garden addition was without jurisdiction, and null and void.

"3. Spring Garden addition has been a part of the city of Atchison since 1861, and the ordinance for the annexation thereof, and the order and action of this court thereon, on September 10, 1888, was immaterial, and in no wise affected the status of said territory.

"4. Said Spring Garden addition was a legal part of the city of Atchison at the commencement of this action; and thereon judgment must be given for the defendants and against the plaintiff, and for costs of this action."

Subsequently, the court rendered judgment against the plaintiff and in favor of the defendants for all costs. The plaintiff excepts, and brings the case here.

*W. W. & W. F. Guthrie*, for plaintiff in error.

*H. C. Solomon*, city attorney, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: An ordinance of the city of Atchison which took effect February 29, 1888, attempted to extend the corporate limits of that city so as to include an eighty-acre tract adjoining the city, generally known as "Spring Garden Addition," described as the north half of the northwest quarter of section number 7, township number 6, of range number 21, in Atchison county. On the 14th day of October, 1889, Luther C. Challiss commenced his action to enjoin the official authorities of the city of Atchison from exercising jurisdiction, over the real estate. He alleged in his petition that the proceedings of the mayor and council of the city of Atchison, in attempting to extend the limits of Atchison city so as to include Spring Garden addition, were without jurisdiction, and void. The trial court, after hearing the evidence, ruled that the annexation proceedings of 1888, set forth in the petition, were immaterial and in no wise affected the status of the real estate. If this had been the only conclusion of law made by the court below, the plaintiff would have been entitled to judgment, because the answer of the defendants admitted the passage, approval and publication of the ordinance complained of, but denied generally all the other allegations of the petition. The district court, however, ruled that by a plat filed on February 20, 1860, the eighty-acre tract in controversy became a part of the city of Atchison as "Spring Garden Addition;" that from that date it had always been embraced within the

corporate limits of the city of Atchison, and was a part of such city at the commencement of this action.   Therefore the prayer of the petition was denied and judgment rendered in favor of the defendants and against the plaintiff for costs.

It is evident from the record, and especially from the findings of fact of the trial court, that much testimony was presented and considered by the court, not clearly embraced within the issues of the pleadings.   The pleadings, however, might be considered as amended so as to embrace the findings found by the trial court.   It appears from the findings of fact, that in July, 1867, the owners and occupants of the eighty-acre tract of land denied the jurisdiction of the officials of Atchison city over the real estate, and in 1874, Geo. T. Challiss, one of the owners of the tract of land, commenced his action in the district court of Atchison county against M. Quigg, the county treasurer of the county, and Charles Krebs, the county clerk of the county, and the mayor and council of the city of Atchison, to enjoin and set aside all taxes levied upon the property as lots and blocks since 1867, and also to enjoin the further levy of taxes by lots and blocks upon the real estate.   On December 31, 1875, judgment was rendered in favor of the plaintiff and against the defendants, enjoining them from setting up or exercising any right to tax the real estate as lots or blocks.   The officials of Atchison city subsequently caused the said real estate to be assessed by lot-and-block subdivisions as within the corporate limits of Atchison city.   George T. Challiss commenced another action in 1876 against the county treasurer of Atchison county, and the mayor and council of the city of Atchison, to enjoin the sale of the real estate for such taxes, on the ground that the same was not subject to taxation by lots or blocks, but by acres only, and not subject to taxation within the city of Atchison, but in Shannon township only, and also to enjoin them from further assessing said property by lot-and-block subdivisions or as within the city.   On July 25, 1877, judgment was rendered in that action for the plaintiff and against the defendants, and the court decided that the taxation by the officials

of Atchison city for 1875 and 1876 was unauthorized, illegal, and void, and enjoined the county treasurer from taking any steps for the collection of the taxes. After that the mayor and council of the city of Atchison did not exercise any control or jurisdiction over the real estate in controversy, until after the adoption of the ordinance referred to in the petition. During all that time the real estate was taxed in Shannon township, and the voters residing thereon voted in Shannon township and not in Atchison city.

There is an inference from the findings of fact that Luther C. Challiss is in privity with George T. Challiss, who recovered the various judgments referred to, but this is not clearly found. It appears that on February 20, 1860, George T. Challiss was the owner of the eighty-acre tract of land, and that subsequently he platted it as Spring Garden addition. One judgment was rendered on the 31st day of December, 1875, and the other on the 25th day of July, 1877. Luther C. Challiss has been the owner of a part of the eighty-acre tract about ten years. Both of the judgments were rendered more than ten years before the commencement of this action, one judgment being rendered fourteen years before the commencement of this action, and the other twelve years. If the annexation proceedings of 1888 in no wise affected the status of the eighty-acre tract, as ruled by the trial court, then the judgments rendered in favor of George T. Challiss and against the city of Atchison, not having been reversed or vacated, are binding and conclusive evidence against the defendants, not only in favor of George T. Challiss, but also in favor of all in privity with him. If the judgments in favor of George T. Challiss are conclusive and the annexation proceedings are without force, all of the property owned or claimed by George T. Challiss at the rendition of his judgments cannot be regarded as any part or portion of the city of Atchison, under the platting and records of 1860 or 1861.

In this case, this court acts only as a court of appellate jurisdiction, and not a court of original jurisdiction. The trial court, while deciding that the annexation proceedings of 1888

are immaterial, nevertheless decided against the plaintiff. We shall not pass upon the various questions raised and presented in the briefs which have not been ruled upon by the trial court. It will be time enough to consider these questions when the court below has rendered some decision thereon. Under the circumstances, in order that substantial justice may be done to all the parties, we have concluded it best that a new trial should be granted. If the plaintiff in this case is in privity with George T. Challiss, who obtained the judgments referred to, or if such judgments in any way protect this plaintiff against the exercise of authority by the officials of Atchison city, then, clearly, the relief prayed for by him must be granted if the annexation proceedings are immaterial or without any force. We more readily perceive the necessity of a new trial, because the evidence introduced by the parties is not embraced in the record, and we cannot very well review supposed rulings of the trial court which are not contained in the conclusions of law, nor apparently anywhere else in the record presented to us.

The case will be remanded with directions to grant a new trial.

All the Justices concurring.