GEORGE SCHAEFER v. ROBERT P. MILLS *et al.*

**No. 13,201.** ( 76 Pac. 201.)

SYLLABUS BY THE COURT.

CONTRACT—*Reformation—Parol Testimony.*   In an action to reform a written contract by parol testimony, on a claim of mutual mistake, the evidence to warrant a reformation must be clear and convincing beyond a reasonable doubt.

Error from Russell district court; LEE MONROE, judge.   Opinion filed April 9, 1904.   Affirmed.

*L. B. Beardsley*, for plaintiff in error.

*Ira E. Lloyd*, and *J. C. Ruppenthal*, for defendants in error.

The opinion of the court was delivered by

ATKINSON, J.:   On January 24, 1901, George Schaefer commenced his action in the district court of Russell county against Robert P. Mills and Oral S. Black to recover the balance of $1015.03 claimed to be due him on a written contract for the sale of a stock of merchandise at the town of Gorham, in said county. The defense was that the written contract sued on, through mutual mistake—an error of the party writing it—failed to state the real agreement between the parties ; that plaintiff had settled and had received in full the amount due him on the contract.   Defendants asked that the contract sued on be reformed, and that they recover their costs.   The district court found in favor of defendants, and also decreed a reformation of the written contract to conform to the agreement between the parties as proved.   Plaintiff brings error to this court.

It is contended on the part of plaintiff in error

that the findings and judgment of the court were not supported by sufficient evidence, and that the court was not warranted in reforming the contract. The controversy arose out of the sale of a stock of merchandise formerly owned by Schaefer, Mills & Weidle. In November, 1900, J. W. Householder, a brother-in-law of plaintiff, purchased the undivided one-third interest of John Weidle in this stock of merchandise. On account of some misunderstanding Householder did not assume partnership relations with George Schaefer and Robert P. Mills, each of whom was the owner of an undivided one-third interest in the stock. On or about December 6, 1900, defendants Robert P. Mills and Oral S. Black purchased the interest of Schaefer and Householder. There was at the time a written agreement entered into between the parties, which was the contract sued on by plaintiff. Defendants claimed that the written contract should have provided for the deduction of the liabilities from the amount of the stock- and book-accounts. Plaintiff denied this claim of defendants. The contract is silent as to the deduction of the liabilities. This gave rise to the controversy between plaintiff and defendants.

In the settlement made the stock was invoiced at cost, less freight. To this were added the book-accounts at their face value, less such notes and accounts as it was mutually agreed should not be included, and from this amount, as the assets of the firm, were deducted the firm's liabilities. The difference was divided by three, to ascertain the interest of each of the three owners, Schaefer, Mills, and Householder, in the proceeds of the sale, which, thus determined, was found to be $1802. Plaintiff in error Schaefer, on December 22, accepted this sum as

his portion of the proceeds of the sale. He claimed, however, that he at the time did not know that the firm liabilities had been deducted. If the firm liabilities were not to be deducted, and defendants, under the contract, were to take the book-accounts and assume the liabilities, as claimed by plaintiff, then he should have recovered.

Upon the question whether the liabilities were to be deducted from the assets, or defendants were to take the book-accounts and assume the liabilities, much testimony was offered. The evidence was conflicting. The findings of the trial court are conclusive here. It is, however, contended by plaintiff that the parol testimony of defendants was insufficient to warrant the trial court in reforming the written contract, under the authority of the case of *Bodwell v. Heaton*, 40 Kan. 36, 18 Pac. 901, where the court in the opinion said:

"We understand the rule to be in actions to reform written instruments on the ground of mutual mistake that the evidence must be clear and convincing when, as in this case, it is parol. It is not enough that it shows a probability of mistake, but there must be a moral certainty of it; in other words, it must be established beyond a reasonable doubt."

We have carefully examined the record in this case and find the evidence abundantly sufficient to warrant the court in reforming the contract, under the rule recognized in the case cited.

The judgment of the district court is affirmed.

All the Justices concurring.