No. 27,216.

W. A. Green, *Appellee*, v. Thomas Kelly, *Defendant;* E. H.
Tellum and Agnes Tellum, *Appellants.*

No. 27,399.

Agnes Tellum and E. H. Tellum, *Appellants*, v. W. A. Green
et al., *Appellees.*

#### SYLLABUS BY THE COURT.

Attachment—*Priorities—Subsequent Sale of Land Attached in Another County
—Lis Pendens Statute Applied.* In an action commenced in the district
court of Shawnee county to recover judgment on a promissory note, land
in Pottawatomie county belonging to the defendant was attached. No other
land was affected by the proceeding, and no verified statement was filed with
the register of deeds of Pottawatomie county setting forth the nature of the
action, the court in which it was pending, and a description of the land
sought to be affected. Subsequent to levy of the attachment, and before
judgment, defendant conveyed the land to a purchaser for value who had
no notice of pendency of the action or of levy of the attachment. *Held*, the
*lis pendens* statute, R. S. 60-2601, applied, and the purchaser took title free
from the attachment lien.

No. 27,216, appeal from Shawnee district court, division No. 3; Otis E. Hun-
gate, judge. No. 27,399, appeal from Pottawatomie district court; Martin A.
Bender, judge. Appeals consolidated. Opinion filed May 7, 1927. Both judg-
ments reversed.

*E. C. Brookens, E. S. Francis, H. L. Hart,* all of Westmoreland, *T. M. Lillard,
Bruce Hurd* and *O. B. Eidson,* all of Topeka, for the appellants.

*J. E. Addington,* of Topeka, and *C. A. Leinbach,* of Onaga, for the appellees.

The opinion of the court was delivered by

Burch, J.: These appeals were taken by a vendee from judgments
sustaining attachment of the land in an action against the vendor.

Thomas Kelly, owner of the land, deeded to his son Lloyd, but
remained beneficial owner. Lloyd Kelly mortgaged the land, and
leased it to Otto Teske. Lloyd Kelly reconveyed to Thomas Kelly,
and on July 14, 1924, Thomas Kelly conveyed to Agnes and E. H.
Tellum. The land was situated in Pottawatomie county. The Tel-
lums were given an abstract of title brought to date, which exhibited
the title disclosed by the public records of Pottawatomie county.

Attachment, 6 C. J. pp. 234 n. 9, 235 n. 12, 16. Lis Pendens, 38 C. J. pp. 25 n.
22, 61 n. 66. Statutes, 36 Cyc. p. 1179 n. 15.

Title appeared in Thomas Kelly, subject to the mortgage given by Lloyd Kelly, and the Tellums had no knowledge or notice that Lloyd Kelly had been holding the land for Thomas Kelly. Before purchasing, the Tellums visited the land, and ascertained from Teske that he claimed under the lease from Lloyd Kelly.

In February, 1924, W. A. Green sued Thomas Kelly in the district court of Shawnee county on a promissory note, and caused the land in Pottawatomie county to be attached. No order of attachment was issued for service in Shawnee county. The sheriff of Pottawatomie county executed the order sent to him, left a copy with Teske, and returned the original to the district court of Shawnee county. Teske later delivered the copy to Thomas Kelly. Teske did not know what the paper meant, and said nothing about it to the Tellums when they visited the premises. Green's suit against Thomas Kelly proceeded to judgment, and the land was sold to Green to satisfy the judgment. The Tellums intervened in that suit, and brought an independent action in Pottawatomie county to quiet title against Green. Both courts sustained the attachment, and the Tellums appealed.

The statute provides for issuance of orders of attachment by the clerk of the court in which an action is commenced, and provides that orders may be issued to the sheriffs of different counties. The sheriff shall without delay go to the place where defendant's property may be found, declare that by virtue of the order he attaches it, and shall cause it to be appraised. When the property is real estate, he shall leave a copy of the order with the occupant, and if there be no occupant, post a copy in a conspicuous place on the premises. (R. S. 60-910.) If judgment be rendered against defendant, so much of the land shall be sold as may be necessary to satisfy the judgment, as if it had been levied on under execution.

The provision of the statute that a sheriff attaching land shall leave a copy of the order with the occupant, and if there be no occupant, shall post a copy in a conspicuous place on the premises, relates to execution of the writ. To make the levy effective, the officer must do some overt act indicating dominion over the property. In case of personal property, the sheriff takes possession. In case of real property, the seizure is constructive, the formality prescribed being a substitute for taking actual possession. The effect of the formality is limited to creating a fictional kind of seizin in the sheriff, and

is not notice to anyone who does not have knowledge or ground for knowledge of it.

In this instance the Tellums knew nothing about the attachment. The northwest portion of Shawnee county touches the southeast portion of Pottawatomie county. The situation would have been the same, however, if the action had been commenced in Cherokee county, in the extreme southeast corner of the state, and the land had been situated in Cheyenne county, in the extreme northwest corner of the state. The question involved comes to this: May a prospective purchaser of land in a county whose records show no attachment lien against it, rest on examination of those records, or must he search the records of all the other 104 counties of the state, to ascertain whether the land has been attached on process issued from the district courts of those counties?

Sections 87 and 88 of the territorial civil code read as follows:

"Sec. 87. When the summons has been served, or publication made, the action is pending, so as to charge third persons with notice of its pendency; and, while pending, no interest can be acquired by third persons in the subject matter thereof, as against the plaintiff's title.

"Sec. 88. When any part of real property, the subject matter of an action, is situated in any other county or counties than the one in which the action is brought, a certified copy of the judgment in such action must be recorded in the register of deeds' office of such other county or counties, before it shall operate therein as notice, so as to charge third persons, as provided in the preceding section. It shall operate as such notice, without record, in the county where it is rendered; but this section shall not apply to actions or proceedings under any statute, now in force, which does not require such record." (Acts 1859, ch. XXV; Compiled Laws 1862, ch. XXVI.)

In the statutory revision of 1868, section 88 was amended by dropping the last sentence. As amended, the section now appears as R. S. 60-2602.

In the revision of 1868, section 87 of the territorial code was amended to read as it now appears in the first half of R. S. 60-2601, and in the revision of 1909, what constitutes the last half of R. S. 60-2601 was added. R. S. 60-2601 reads as follows:

"When the petition has been filed, the action is pending, so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's title; but such notice shall be of no avail unless the summons be served or the first publication made within sixty days after the filing of the petition. When the subject of the action is real property situated in two or more counties, the filing of the petition in the district court of one county

shall not be held to impart notice to persons acquiring an interest in the real property situated in another county, except from the time the plaintiff in such action shall file for record with the register of deeds of such other county, a verified statement setting forth the nature of the action, the court in which it is pending, a description of the real property sought to be affected thereby."

The subject of the legislation which resulted in R. S. 60-2601 was the subject known at common law as *lis pendens*. At common law the doctrine of *lis pendens* did not consider notice. If litigation involved property, a purchaser from a party took title subject to the result of the litigation, whether he knew or did not know of its pendency. The doctrine was founded on a sound public policy, which prevented an intermeddler from defeating the object of the suit, made judgments effective, and put an end to litigation. When the legislature came to consider the wants and needs of a partly settled pioneer state, it dealt with the doctrine in its own way and, while preserving the general principle, introduced the element of notice. When the petition is filed, third persons are charged with notice of pendency of the action, but the notice is of no avail unless certain steps are taken within a prescribed time. Third persons having notice can acquire no interest in the subject matter of the action as against plaintiff's title, and a judgment has no effect as notice outside the county in which it was rendered, unless a certified copy be recorded in the other county. All this is in harmony with the recording act and with the general policy of the law in this state to afford public notice of claims of interests in real property.

The opinion in the case of *Smith v. Kimball*, 36 Kan. 474, 13 Pac. 801, was written by a commissioner of the court, who was enamored of the common-law doctrine of *lis pendens*. He was obliged, however, to recognize that the statute had engrafted notice upon that doctrine. The requirement of the code that statutes in derogation of the common law shall not be strictly construed, but shall be liberally construed to promote their objects, rendered it necessary to give to the words of the statute, "plaintiff's title," a broad and comprehensive meaning. A warrant for doing so was found in previous decisions of the court, and the words were interpreted to mean "plaintiff's rights." In the case of *Travis v. Supply Co.*, 42 Kan. 625, 22 Pac. 991, the same commissioner wrote the opinion and, constrained by his bias in favor of common-law *lis pendens*, he hazarded the following dictum:

"It is probably the law, that although the contention is merely in regard to

Green v. Kelly.

a moneyed demand, and auxiliary proceeding *in rem* is resorted to in the same action—as an attachment in aid of the suit at law—there is a lien that is equivalent to a *lis pendens,* and which may ripen into title by virtue of the result of the litigation. Probably the better view to be taken of such auxiliary proceedings is, that the provisional remedy pursued creates the lien by virtue of a statutory provision, and hence the constructive notice of *lis pendens* does not apply." (p. 629.)

The dictum ignored the necessity for notice created by the statute, and is the product of a narrow rather than a liberal construction of the statute. Now that the question is before the court for decision, the court holds that when the action is based on a money demand, and an auxiliary proceeding *in rem* is resorted to, as an attachment of real estate, acquisition and enforcement of lien become so far identified with the subject of the action that, by virtue of the statute, the constructive notice of *lis pendens* applies. This was assumed to be true in the case of *Fitzgerald v. Fitzgerald,* 97 Kan. 408, 155 Pac. 791. Suit was commenced in Russell county to recover money, and land was attached in Russell, Sherman, and Wallace counties. No record of the attachment was made in Sherman county. The court quoted *lis pendens* statute, and said:

"This statute was not complied with in any particular. Levying an attachment on the real estate in Sherman county did not impart notice of the attachment action in Russell county, although a copy of the attachment order may have been placed in a conspicuous place on the real estate." (p. 412.)

If lien of the attachment governed and not notice of lien, it would have been immaterial that no record of the attachment was made in Sherman county.

In terms, the latter part of R. S. 60-2601 applies to an action relating to real property situated in two or more counties. The legislature was not concerned about notice respecting land in the county in which suit was commenced. Such notice was already provided for. The manifest purpose of the statute was to require the records in other counties to afford notice of pendency of suit, and it is not conceivable that the legislature had a deliberate purpose to discriminate against notice when but one tract of land is involved and that tract lies outside the county in which suit is commenced. The draftsman of the section did not go beyond his experience as a practitioner in framing it, and the infrequent case of an action commenced in one county and land attached in another, simply did not occur to the legislature. The subject to which it gave attention was

notice to be given in counties in which pendency of action is not itself notice. The intention was to provide for such notice, and phraseology employed to that end should not be construed to thwart the intention, in an unforeseen instance.

Applying the *lis pendens* statute to the present case, Green was authorized to file with the register of deeds of Pottawatomie county a verified statement setting forth that he had sued Thomas Kelly in the district court of Shawnee county to recover judgment on a promissory note, and had caused an attachment to be levied on land in Pottawatomie county, describing it, to satisfy the judgment. Having failed to do so, the Tellums took title free from the attachment lien.

The judgment of the district court of Shawnee county is reversed, and the cause is remanded with direction to set aside the sale to Green. The judgment of the district court of Pottawatomie county is reversed, and the cause is remanded with direction to enter judgment quieting the title of the Tellums.